Edgerton *a.* Ford.

## EDGERTON *a.* FORD.

*Supreme Court, First District; General Term, December,* 1860.

### ARREST.—CONDITION OF VACATING.

The discretion exercised by the court at general term in imposing a stipulation not to sue for false imprisonment, &c., as a condition of vacating an order of arrest, is not to be reviewed by the court below, or in another proceeding at a subsequent general term.

On appeal from an order denying defendant's motion to vacate an order for his arrest, the order was reversed on condition that he stipulate not to sue for the arrest; but if he should not, the order was affirmed;—and he did not accept the condition. *Held,* that the affirmance was conclusive on his subsequent motion to set aside an execution against his person; and the court would not review the order on the ground that such condition was oppressive.

Appeal from order refusing to set aside execution.

In this action an order of arrest was granted against the defendant, on the ground of fraud in contracting the debt for which the action was brought. He moved to set it aside, but his motion was denied at special term; and on his appeal to the general term, the order denying the motion was reversed conditionally, on the ground that by accepting a note for the debt, and suing thereon, the plaintiff had waived the right to arrest. The terms of the order of reversal were as follows : "Ordered, that the said order be, and the same is hereby reversed without costs, on the defendant stipulating in writing, to be served on the attorneys for the plaintiff within ten days after the service of a copy of this order on the attorney for the defendant, not to bring any action for malicious prosecution or false imprisonment; but should he neglect to give such stipulation within the time aforesaid, the said order is hereby affirmed."

The defendant did not comply with this condition, and plaintiff obtained judgment, and issued execution against the person.

The defendant then moved at special term to set aside the execution, on the ground, among others, that the condition embraced in the order was illegal, unjust, and oppressive, and contrary to the statute. The motion was denied, and he appealed to the general term.

*C. F. Wetmore*, for the defendant.

*A. F. Smith*, for the respondent.

By the Court.*—Sutherland, P. J.—The order of the general term was perfectly conclusive upon the justice who made the order at special term appealed from. He could not do otherwise than to deny the defendant's motion to set aside the execution. That motion and this appeal from the order denying it, is but an attempt to get one general term to review the decision of another general term.

The order appealed from should be affirmed, with costs.

Bonney, J.—The defendant moved, at special term, to set aside an execution against his person, issued upon the judgment recovered in this action. The motion was denied, and defendant has appealed. The papers show that an order of arrest was made in this action, under section 179 of the Code, upon the ground that the defendant had been guilty of fraud in contracting the debt for which the action was brought. A motion to vacate said order was denied at special term. From the order denying that motion, defendant appealed, and the court at general term ordered "that the said order be, and the same is hereby reversed without costs, on the defendant stipulating in writing, to be served on the attorneys for the plaintiffs within ten days after the service of a copy of this order on the attorney for the defendant, not to bring any action for malicious prosecution or false imprisonment; but should he neglect to give such stipulation within the time aforesaid, the said order is hereby affirmed." The stipulation was not given; but the defendant insists that the condition in the order requiring it is illegal, un-

---

* Present, Sutherland, P. J., Ingraham and Bonney, JJ.

just, and oppressive, and in violation of the statute, and that the order of arrest has been, by the decision and order of the general term, in fact, vacated, although said condition has not been performed. We cannot now amend or review the order made at a previous general term; but only determine its proper construction and effect. The terms of that order are clear and explicit, and there can be no doubt as to its meaning. The required stipulation was not given, and consequently the order at special term, denying the motion to vacate the order of arrest, was affirmed, and said order of arrest remains in full force.

Upon what ground, then, can this execution against the person of the defendant be set aside? The Code (§ 288) provides that execution against the person of a judgment-debtor may issue, if the action be one in which the defendant might have been arrested, as provided in section 179. In this action the defendant was actually arrested, under the provisions of section 179; and the court, at general term, has affirmed an order made at special term denying a motion to vacate such order of arrest. I do not see how it is possible to decide that this is not an action in which the defendant might have been arrested while he is actually under arrest, and the court refuse to vacate the order by which he is held. As there is no other question in the case, the order made at special term must be affirmed, with ten dollars costs.

Order accordingly.